UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PAUL E. MURR )
)
v. ) NO. 2:05-CV-139
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## **MEMORANDUM OPINION**

The plaintiff Paul E. Murr has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Murr was born in 1958 and was 45 years old at the time of his administrative hearing. [Tr. 41, 460]. He completed tenth grade and has relevant past work experience as a cleaner and a material handler. [Tr. 13, 460]. Mr. Murr alleges he is disabled as of February 1, 2003, from back problems, diarrhea, nerves, right shoulder pain, and arthritis. [Tr. 13]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Murr was not disabled as defined by the Social Security Act. [Tr. 17].

Mr. Murr's testimony was received into evidence at his August 19, 2004, administrative hearing. [Tr. 460-78]. Mr. Murr testified he was in the National Guard where he unloaded trucks that carried ammunition. [Tr. 461]. About a year and a half or two years into his service, he "started just going downhill." [Tr. 462]. He was mainly only able to stand around and not really lift much weight. [Tr. 462-63]. He finally left the National Guard in 2002. [Tr. 464]. He currently has weekly headaches that last a couple of days and arm, back, and leg pain. [Tr. 465-66]. Mr. Murr takes Methadone for his pain, and the medication makes him vomit, feel dizzy, and think unclearly. [Tr. 469-70]. He stays nervous, frustrated, and mad. [Tr. 471].

The ALJ ruled that Mr. Murr was not disabled because his severe impairments of arthritis in his right shoulder and degenerative disc disease of the lumbar spine were not severe enough for a finding of disability. [Tr. 17]. The ALJ then found that Mr. Murr retained the residual functional capacity [RFC] to perform a full range of light work. [*Id.*]. Therefore, based on Mr. Murr's RFC, age, education, and work experience, he was not disabled as directed by Medical-Vocational Rules 202.18 and 202.19. [Tr. 19].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Murr requests a judgment on the pleadings and challenges several aspects of the ALJ's decision. Mr. Murr contends the ALJ erred by not considering his impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Mr. Murr's impairments three times in his decision. [Tr. 15, 17, 18]. The ALJ focused Mr. Murr's RFC on his arthritis in his right shoulder and degenerative disc disease of the lumbar spine. [Tr. 17]. Finally, a vocational expert was not called to testify at the administrative hearing. Based on the Sixth Circuit framework, the ALJ considered Mr. Murr's impairments in combination.

Mr. Murr also argues the ALJ improperly evaluated his pain. The ALJ is required to follow 20 C.F.R. §§ 404.1529 and 416.929 as well as Social Security Ruling 96-7p when evaluating the subjective allegations and alleged symptoms of a claimant. The ALJ used those regulations and that ruling to assess Mr. Murr's allegations of pain. [Tr. 17]. Because the ALJ met his requirements, his evaluation of Mr. Murr's pain was not improper.

Finally, Mr. Murr asserts the ALJ erred in finding that he retained the RFC to perform light work. Light work is work that requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567 (b). In September 2003, Mr. Murr was examined by Dr. Wayne Page who determined he could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for eight hours out of an eight-hour workday. [Tr. 269]. All of Dr. Page's recommendations fit within the scheme of light work. In October 2003, a state agency physician examined Mr. Murr and concluded he could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, and stand/walk/sit for about six hours out of an eight-hour workday. [Tr. 287]. Again, these findings fall well into the category of light work. Given the two physician recommendations, the ALJ's finding that Mr. Murr could perform light work was made with substantial evidence.

4

Case 2:05-cv-00139   Document 17   Filed 02/02/06   Page 4 of 5   PageID #: 4

After careful consideration of the entire record of proceedings related to this case, Mr. Murr's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

5

Case 2:05-cv-00139   Document 17   Filed 02/02/06   Page 5 of 5   PageID #: 5